NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MCKESSON TECHNOLOGIES INC. (Formerly McKesson Information Solutions, LLC),**
*Plaintiff-Appellant,*

v.

**EPIC SYSTEMS CORPORATION,**
*Defendant-Appellee.*

---

2010-1291

---

Appeal from the United States District Court for the Northern District of Georgia in case no. 06-CV-2965, Chief Judge Jack T. Camp.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON, GAJARSA, LINN, DYK, PROST, MOORE, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by Plaintiff-Appellant, McKesson Technologies Inc. ("McKesson"), accompanied by a motion for expedited consideration, with an offer of accelerated briefing, in light of the court's grant of en banc review in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, Appeal Nos. 2009-1372, -1380, -1416, -1417 (April 20, 2011). Defendant-Appellee, Epic Systems Corporation

("Epic"), filed a response to the motion to expedite, and McKesson replied.

The petition for rehearing, the motion, the response to the motion, and the reply thereto were considered by the panel that heard the appeal and thereafter referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) McKesson's petition for panel rehearing is denied.

(2) McKesson's petition for rehearing en banc is granted.

(3) The court's opinion of April 12, 2011 is vacated, and the appeal is reinstated.

(4) The parties are requested to file new briefs addressing the following two issues:

1. If separate entities each perform separate steps of a method claim, under what circumstances, if any, would either entity or any third party be liable for inducing infringement or for contributory infringement? *See Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565 (Fed. Cir. 1983).

2. Does the nature of the relationship between the relevant actors—e.g., service provider/user; doctor/patient—affect the question of direct or indirect infringement liability?

(5) This appeal will be heard en banc on the basis of the original filed briefs, additional briefing ordered herein, and any oral argument that may be scheduled.

An original and thirty copies of all originally-filed briefs shall be filed within 20 days from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. McKesson's en banc brief is due June 20, 2011. Epic's en banc response brief is due within 30 days of service of McKesson's new en banc brief, and the reply brief within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) Briefs of amici curiae will be entertained, and any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) McKesson's motion for expedited consideration is denied as moot.

(8) If needed, oral argument will be held at a time and date to be announced later.

FOR THE COURT

May 26, 2011                        /s/ Jan Horbaly
Date                                Jan Horbaly
                                    Clerk

cc: Daryl Joseffer, Esq.
    William H. Boice, Esq.